**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOHN MATHEWS,

                       Plaintiff,

      - against -

ATRIA HUNTINGTON, et al.,

                       Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-4721 (ADS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

By letter-motion filed earlier today, defendants Atria Huntington ("Atria") and Alex Stehly ("Stehly") seek a two-week extension of the time to respond to the complaint in this case. Docket Entry ("DE") 3. According to the defendants' counsel, the deadline in the absence of an extension would be today, and counsel for plaintiff John Mathews ("Mathews") reported that his client would not consent to the extension. The defendants' local counsel explains the need for the brief delay by noting that Atria's national counsel in Louisville, Kentucky needs additional time "to complete its investigation necessary to respond to the complaint, to complete its retention by the named individual defendant [Stehly], and to secure local counsel in New York." *Id*. As to the latter, local counsel reports that he was retained only yesterday.

Mathews' counsel responded with a letter asserting that opposing counsel had requested an extension of "weeks" in duration rather than "two weeks," had not explained the reasons for the delay set forth in the instant application to me, and had made the request only yesterday afternoon. DE 4 at 1. Counsel also noted that during yesterday's conversation, Atria's national counsel stated he had already retained local counsel (an assertion that I note is not inconsistent with local counsel's report described above). *Id*. From this premise, counsel concludes that the instant application

> recited facts upon which [local counsel] had no first hand knowledge, misrepresented the substance of the conversation with [Atria's national counsel] and this firm, failed to demonstrate why Defendants waited until [today] to request an extension of time, and failed to justify why Defendants could not complete their internal investigation in a timely manner ....

*Id*. at 2.

In light of the time-sensitive nature of the application, I convened a telephone conference with all counsel at 5:00 p.m. today. Mathews' counsel explained that in his view, the defendants had enough time to prepare during an earlier EEOC investigation. When asked how Mathews will be prejudiced by the delay the defendants seek, counsel at first sought repeatedly to deflect the question by countering that Mathews desires to move forward with his lawsuit and finally, when pressed to give a direct answer, allowed that there would in fact be no resulting prejudice.

I find that the defendants' request is a reasonable one, and that there is good cause to grant the application, notwithstanding Mathews' attempt to arrogate to himself the determination of how much time is sufficient for his adversaries to prepare a response. Further, while Mathews is of course within his legal rights to withhold consent, his position – and particularly the strident letter describing the basis for that position – evidences a lack of courtesy that is surprising even in the context of an adversary proceeding.

The extension at issue here is no longer than those to which parties in many other cases routinely consent. I assume that the willingness of most counsel and clients to extend such courtesies, even in cases where the issues are hotly contested and the parties' emotions are raw, is in large part born of an appreciation for the fact that the world is round. I nevertheless trust that what has gone around will not necessarily come around, and that the parties will find themselves better able to cooperate as this case proceeds. *See* Loc. Civ. R. 26.5.

For the reasons set forth above, pursuant to my authority under Federal Rule of Civil Procedure 6(b)(1), I grant the defendants' application and enlarge by two weeks the time in which they must respond to Mathews' complaint.  Because the defendants' attorneys have not yet registered for ECF notification (which they are directed to do promptly), Mathews' counsel is directed to provide them with a copy of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
November 29, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge