# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 05-CV-4721 (JFB) (AKT)

JOSEPH MATHEWS,

Plaintiff,

VERSUS

ATRIA HUNTINGTON AND ALEX STEHLY,

Defendants.

MEMORANDUM AND ORDER
June 29, 2007

JOSEPH F. BIANCO, District Judge:

Plaintiff Joseph Mathews brings this action alleging employment discrimination based on his age in violation of the Federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (the "ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYHRL"). Specifically, plaintiff alleges that defendant Atria Huntington, and one of its employees, defendant Alex Stehly, discriminated against plaintiff by terminating him because of his age. Defendants move for summary judgment. For the reasons that follow, defendants' motion is granted in its entirety.

## I. BACKGROUND

Construed in a light most favorable to plaintiff, the non-moving party, the facts are as follows:

Atria owns and operates a senior living facility located in Huntington, New York ("Atria Huntington"). (Compl. ¶ 7.) Plaintiff Joseph Mathews ("Mathews") was hired as the Food Services Director at Atria Huntington in July 2001, when he was sixty-one years of age. (Dfts.' 56.1 ¶ 2.)[1] Plaintiff obtained the position after interviewing with Joe Geiser ("Geiser"), Atria's Regional Food Service Director. (*Id.* ¶ 3.)

According to defendants, during plaintiff's period of employment, Alex Stehly ("Stehly"), Executive Director of Atria Huntington, received complaints from residents of Atria Huntington and their family members regarding the quality of food offered at the facility. (*Id.* ¶ 7; Pl.'s 56.1 ¶ 7.)

---

[1] Where only one party's 56.1 Statement is cited, the facts are taken from that party's 56.1 Statement, and the other party does not dispute the fact asserted or has offered no admissible evidence to refute that fact.

Moreover, during plaintiff's employment, results of surveys of residents regarding the quality of food service at Atria Huntington would, according to plaintiff, "improve" during some periods, and "stay the same" or "go down" during others. (*Id.* at 95.) At some point in July, August, or September of 2004, Stehly met with plaintiff to discuss the resident survey results. (Dft.'s Ex. 1, at 93.) At the meeting with Stehly, plaintiff believed that there was "nothing to indicate that these people were not happy with the food service."[2] (*Id.* at 94.) Instead, according to plaintiff's deposition testimony, the reason for the occasional downturns in the survey results was that:

> [E]lderly people always complain. . . . They always complain, no matter who's this [sic]. Because what they do is eat and complain, right?

(*Id.*)

In addition, throughout plaintiff's employment at Atria Huntington, he failed to comply with Atria Huntington's policy requiring employees to order a certain percentage of food products from a specific vendor, Sysco. (Dfts.' ¶ 8.) Specifically, according to plaintiff, Geiser established a policy whereby plaintiff was required to order 85% of Atria Huntington's requirement of food products from Sysco. (Dfts.' Ex. 1, at 106.) However, while plaintiff was aware of this requirement and ordered some products from Sysco, he failed, as a matter of course, to order the volume of products from Sysco "that they [Atria Huntington] wanted." (*Id.*, at 108-09.)

In mid-September 2004, plaintiff had an encounter with one of his subordinates, Maria Rosaria Napolitano ("Napolitano"), wherein plaintiff spoke to Napolitano using an "intense" and "strong[]" tone. (*Id.* ¶ 9.) According to Napolitano and a supervisor who witnessed the encounter, Patricia LaBarbera ("LaBarbera"), plaintiff yelled loudly and cursed at Napolitano; plaintiff does not recall if he used profanities when speaking to Napolitano. (*Id.* ¶¶ 12-14; Pl.'s 56.1 ¶¶ 12-14.) Stehly discussed with LaBarbera the encounter between plaintiff and Napolitano. (Dfts.' 56.1 ¶ 15.) Thereafter, according to Stehly, he met with Geiser and they agreed that plaintiff's conduct warranted termination. (*Id.* ¶ 18; Pl.'s 56.1 ¶ 18.)

On October 4, 2007, Stehly and another Atria Huntington supervisor, Jill Dragotta ("Dragotta"), met with plaintiff to inform him of his termination. (Dfts.' 56.1 ¶ 19.) At that meeting, Stehly stated that he had learned that plaintiff had "yelled" at Napolitano, and he fired plaintiff. (*Id.* ¶ 20.) At the time of plaintiff's termination, Stehly was forty-five years old, and Geiser was fifty-one years old.[3] (Dfts.' Ex. 13.)

---

[2] Stehly asserts that plaintiff explained the unfavorable resident survey results as follows:

> These old people, they just – they can't smell. They can't taste. It's only a bunch of them that will complain and then send in these forms.

(Dfts.' Ex. 5, at 22.) Plaintiff asserts that he did not make that statement. However, any dispute regarding the precise comments made by plaintiff when confronted with the survey results is immaterial for the purposes of resolving the instant motion.

[3] Following plaintiff's termination, John White ("White") assumed plaintiff's former position of Food Service Director; White was forty-one years of age at the time he obtained the position. (Pl.'s 56.1 ¶ 30.) Thereafter, LaBarbera was promoted to the position of Food Service Director. (*Id.* ¶ 22.) At the time of her promotion, LaBarbera was fifty-two years of age. (*Id.* ¶ 23; Pl.'s 56.1 ¶ 23.)

Plaintiff initiated this action on October 6, 2005. Defendants moved for summary judgment on February 19, 2007. Oral argument was held on June 20, 2007.

## II. DISCUSSION

### A. Summary Judgment Standard

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted). The Second Circuit has provided additional guidance regarding summary judgment motions in discrimination cases:

> We have sometimes noted that an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *See, e.g. Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994). Nonetheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be

3

appropriate even in the fact-intensive context of discrimination cases.").

*Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001)).

B. Age Discrimination Under the ADEA[4]

1. Legal Standard

The ADEA states, it is "unlawful for an employer . . . to discharge an individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Because plaintiff presents no direct evidence of discriminatory treatment based on his age, the Court reviews his ADEA claim under the three-step, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005). To establish a *prima facie* case of age discrimination, a plaintiff must demonstrate that: "(i) at the relevant time the plaintiff was a member of the protected class; (ii) the plaintiff was qualified for the job; (iii) the plaintiff suffered an adverse employment action; and (iv) the adverse employment action occurred under circumstances giving rise to an inference of discrimination, such as the fact that the plaintiff was replaced by someone

---

[4] Claims of age discrimination brought under New York State law are analyzed using the same framework as claims brought under the ADEA, and the outcome under state law will be the same as the outcome under the ADEA. *See Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264 n.1 (2d Cir. 1999).

'substantially younger.'" *Roge v. NYP Holdings, Inc*., 257 F.3d 164, 168 (2d Cir. 2001) (quoting *O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996)). The Second Circuit has characterized the evidence necessary for the plaintiff to satisfy this initial burden as "minimal" and "*de minimis*." *See Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001).

Once a plaintiff establishes a *prima facie* case of discrimination, "the burden of production [shifts] to the defendant, who must proffer a 'legitimate, nondiscriminatory reason' for the challenged employment action." *Woodman*, 411 F.3d at 76 (citing *Slattery v. Swiss Reins. Am. Corp*., 248 F.3d 87, 91 (2d Cir. 2001)). If the defendant articulates a legitimate, nondiscriminatory reason, plaintiff must then prove that defendant's articulated reasons are pretextual. *See id.* at 76. "In short, the ultimate burden rests with the plaintiff to offer evidence 'sufficient to support a reasonable inference that prohibited [age] discrimination occurred.'" *Id*. (citing *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 156 (2d Cir. 2000)).

To meet this burden, the plaintiff may rely on evidence presented to establish his *prima facie* case as well as additional evidence. Such additional evidence may include direct or circumstantial evidence of discrimination. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-101 (2003). It is not sufficient, however, for a plaintiff merely to show that he satisfies "*McDonnell Douglas*'s minimal requirements of a *prima facie* case" and to put forward "evidence from which a factfinder could find that the employer's explanation . . . was false." *James*, 233 F.3d at 157. Instead, the key is whether there is sufficient evidence in the record from which a reasonable trier of fact could find in favor of plaintiff on the ultimate issue, that is, whether the record contains sufficient evidence to support an

inference of discrimination. *See id.*; *Connell*, 109 F. Supp. 2d at 207-08.

As the Second Circuit observed in *James*, "the way to tell whether a plaintiff's case is sufficient to sustain a verdict is to analyze the particular evidence to determine whether it reasonably supports an inference of the facts plaintiff must prove – particularly discrimination." 233 F.3d at 157; *see Lapsley v. Columbia Univ.*, 999 F. Supp. 506, 513-16 (S.D.N.Y. 1998) (advocating elimination of *McDonnell Douglas* test in favor of simplified approach focusing on ultimate issue of whether sufficient evidence exists to permit jury to find discrimination); *see also Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998) ("The thick accretion of cases interpreting this burden-shifting framework should not obscure the simple principle that lies at the core of anti-discrimination cases. In these, as in most other cases, the plaintiff has the ultimate burden of persuasion.").

### 2. Application

Plaintiff alleges age discrimination in connection with his termination. However, as set forth below, defendants have demonstrated that they are entitled to summary judgment as to plaintiff's claims because no reasonable jury could find age discrimination based on the facts in this case.

At the outset, the Court assumes that the plaintiff has made out the *prima facie* case required by *McDonnell Douglas*. In response, Atria Huntington has established a legitimate non-discriminatory reason for plaintiff's dismissal – namely, that plaintiff was fired due to his conduct toward one of his co-workers. Hence, the Court proceeds directly to the ultimate question of whether plaintiff has presented sufficient evidence from which a reasonable jury could find age discrimination by examining each party's evidence individually and then proceeding to evaluate the evidence as a whole. *See Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 314 (2d Cir. 1997); *see also Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 742 (S.D.N.Y. 2005); *Siano v. Haber*, 40 F. Supp. 2d 516, 520 (S.D.N.Y. 1999); *Lapsley*, 999 F. Supp. at 515. Thus, the Court first evaluates the plaintiff's evidence, then the defendants' evidence, and, finally, the evidence as a whole.

### a. Plaintiff's Evidence of Age Discrimination

Plaintiff submits the following as evidence of defendants' discrimination based on his age:

First, plaintiff was sixty-four years old when he was fired. *See Williams v. Brooklyn Union Gas Co.*, 819 F. Supp. 214, 225 (E.D.N.Y. 1993) (holding that plaintiff must come forward with more than his age). Second, plaintiff was replaced by a forty-one year old individual. Finally, plaintiff argues that the reasons given by defendants for plaintiff's termination have been inconsistent. Specifically, plaintiff asserts that defendants have offered three purportedly different reasons for plaintiff's termination: (1) Stehly testified that plaintiff was terminated because of his encounter with Napolitano and due to unsatisfactory resident survey results relating to plaintiff's department (Pl.'s 56.1 ¶ 40); (2) Dragotta testified that Stehly told plaintiff he was being terminated "based on [his] performance, not anything else" (*Id.* ¶ 41; Dfts.' 56.1 ¶ 41; Dfts.' Ex. 9, at 15); and (3) Atria Huntington, in a letter to the New York State Department of Labor, indicated that plaintiff was "discharged for insubordination" (Pl.'s 56.1 ¶ 42; Dfts.' Ex. 14). Plaintiff asserts that these allegedly varying reasons create an issue of fact as to whether Atria Huntington's proffered basis for terminating plaintiff is a pretext for age discrimination.

### b. Defendants' Evidence of Non-discriminatory Animus

Defendants submit the following undisputed facts as evidence of non-discriminatory animus:

First, Atria Huntington hired plaintiff when he was sixty-one years of age. Second, Stehly and Geiser, the decisionmakers with regard to plaintiff's termination, were over forty-years old and, thus, in the same protected class as plaintiff. Third, plaintiff concedes that the resident survey results regarding food service were sometimes unfavorable during plaintiff's period of employment. Fourth, plaintiff admittedly failed to comply with Atria Huntington's policy for purchasing food from Sysco.[5] Fifth, plaintiff concedes that he had an encounter with one of his subordinates, Napolitano, wherein he used a "stronger tone" of voice that was "more intense" than usual, and that Stehly indicated his awareness of that encounter when he fired plaintiff. (Dfts.' Ex. 1, at 63, 66.) Sixth, plaintiff has failed to submit any evidence, beyond the fact he was sixty-four years old at the time of his discharge, that he was discriminated against based on his age. Finally, the reasons given by defendants for plaintiff's termination are not inconsistent, and, even assuming *arguendo* that they are, the defendants' varying reasons are not evidence of pretext.

### c. Evidence as a Whole

Considering the evidence as a whole, the Court concludes that no reasonable jury could find that plaintiff was fired based on his age. Indeed, the undisputed evidence indicates that Stehly cited plaintiff's encounter with Napolitano when he fired plaintiff, and that residents sometimes expressed unfavorable opinions as to the performance of plaintiff's department. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984); *see also Norton*, 145 F.3d at 120 ("[T]he ADEA does not make employers liable for doing stupid or even wicked things; it makes them liable for discriminating, for firing people on account of their age."); *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988); *accord Slatky v. Healthfirst, Inc.*, No. 02 Civ. 5182 (JGK), 2003 U.S. Dist. LEXIS 20608, at *17 (S.D.N.Y. 2003) (citing *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1341 (1st Cir. 1988) ("ADEA does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age.")); *State Div. of Human Rights ex rel. Cottongim v. County of Onondaga Sheriff's Dep't.,* 524 N.E.2d 123, 125 (N.Y. 1988) (finding under NYHRL that employee "could lawfully have been discharged for any reason or for no reason, but not a statutorily impermissible reason").

Plaintiff argues that defendants' reasons for terminating plaintiff changed over time and, therefore, the proffered basis for his termination must be a pretext for age discrimination. However, no reasonable jury could conclude that the allegedly inconsistent

---

[5] Following a thorough review of the record in this case, the Court finds no indication that any employee of Atria Huntington was aware of plaintiff's non-compliance with the policy regarding purchases from Sysco *prior to* plaintiff's dismissal. As such, it is not clear if defendants could have relied on plaintiff's non-compliance with the policy in deciding to fire plaintiff. Thus, although plaintiff conceded at his deposition that he knowingly failed to abide by the policy, the Court does not rely on this fact in considering the evidence as to defendants' motive in firing plaintiff.

statements cited by plaintiff are, in fact, in conflict with one another. Instead, they all reflect the reason cited by Stehly at the time of plaintiff's termination – that plaintiff was fired due to his behavior during the encounter with Napolitano. First, Dragotta's statement that Stehly told plaintiff he was being terminated "based on [his] performance, not anything else" (Dfts.' Ex. 9, at 15), is, on its face, consistent with Stehly's original reason; it is self-evident that an employee's "performance" encompasses his conduct toward and relationships with co-workers. Furthermore, "performance" may also reasonably be construed to refer to the occasionally unfavorable resident survey results regarding plaintiff's department. Second, the assertion by Atria Huntington in a letter to the New York State Department of Labor that plaintiff was fired "for insubordination," also reflects Stehly's original reason for discharging plaintiff; indeed, in a "Notice of Determination" issued the following day, the Department of Labor stated that the reason given for plaintiff's termination was his "insubordinat[ion] to co-workers." (Dfts.' Ex. 14.)

In any event, even assuming *arguendo* that defendants offered inconsistent reasons for firing plaintiff, there is nothing to suggest that the reasons were a pretext for age discrimination.[6] *See Norton*, 145 F.3d at 120.

Significantly, plaintiff points to no comment, action, or fact that even remotely suggests defendant's decision to fire him was based on his age, except the fact that he was sixty-four years old.[7] Such evidence is insufficient in this case to withstand defendant's motion for summary judgment. *Williams*, 819 F. Supp. at 225.

Furthermore, although not dispositive, the fact that Stehly and Geiser – the decisionmakers with regard to plaintiff's firing – were forty-five and fifty-six years old,

---

[6] At oral argument, counsel for plaintiff argued that the mere fact that an employer offers different reasons at different times for firing an employee establishes the employer's discriminatory intent. While it is well-settled that an employer's "inconsistent and varying explanations for its decision to terminate a plaintiff" may create "a jury issue on the question of pretext," *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir. 2001) (citation omitted), such explanations must be *materially* inconsistent with one another. *See Roge*, 257 F.3d at 170 (affirming summary judgment where the defendant proffered explanations that were "variations . . . on the same theme"); *Dister*, 859 F.2d at 1116 (finding that the "suggested inconsistency" in defendant's reasons for firing plaintiff were not "material inconsistencies that might cause a reasonable jury to doubt [defendant's] explanation for [the plaintiff's] discharge from employment"); *Warren v. North Shore Univ. Hosp. at Forest Hills*, No. 03 Civ. 0019 (DGT) (RML), 2006 WL 2844259, at *10 (E.D.N.Y. Sept. 29, 2006) ("In giving multiple reasons, the [defendant] is painting a complete and accurate picture of its decision, not obfuscating a discriminatory reason."); *Melnyk v. Adria Lab., a Div. of Erbamont, Inc.*, 799 F. Supp. 301, 315 (W.D.N.Y. 1992) (rejecting plaintiff's claim that "inconsistencies in the reasons" offered for her termination established pretext, and finding that "there are no material inconsistencies [or implausibilities] that might cause a reasonable jury to doubt" the employer's proffered reasons) (quoting *Dister*, 859 F.2d at 1116). Here, as discussed *supra*, the Court finds that defendants' proffered explanations for firing plaintiff are entirely consistent with one another, and, thus, do not create a genuine issue as to pretext under the circumstances of this case.

[7] Indeed, in his brief, plaintiff asserts that defendants' discriminatory intent is somehow supported by the fact that, when plaintiff stated his belief that he was being discriminated against because of his age, Stehly replied, simply, "whatever." (Pl.'s Mem. at 7.) The Court finds, under the circumstances of this case, that this exchange provides absolutely no support for plaintiff's allegations of age discrimination.

7

respectively, weakens any inference that the decision to fire plaintiff was based on his age. *See, e.g., Zuffante v. Elderplan, Inc.*, No. 02 Civ. 3250 (WHP), 2004 WL 744858, at *6 (S.D.N.Y. March 31, 2004) (noting that invidious discrimination especially unlikely when, *inter alia*, the decision-maker is in the same protected class as plaintiff); *Connell v. Consol. Edison Co. of N.Y., Inc.,* 109 F. Supp. 2d 202, 210 (S.D.N.Y. 2002) (finding plaintiff's evidence of age discrimination "thin" when, in part, the decision-makers were also in the protected age category); *Morris v. N.Y. City Dep't of Sanitation*, No. 99 Civ. 4376, 2003 U.S. Dist. LEXIS 5146 (WK), at *25 (S.D.N.Y. March 31 2003); *Pisana v. Merrill Lynch & Co.*, No. 93 Civ. 4541 (LMM), 1995 U.S. Dist. LEXIS 10296, at *14 (S.D.N.Y. July 20, 1995) ("The fact that . . . decision makers were close to [plaintiff's] age, or older, weakens any suggestion of age discrimination.") (citing *Williams v. Brooklyn Union Gas Co.*, 819 F. Supp. 214, 225 (E.D.N.Y. 1993)). Finally, the inference of discrimination is further weakened by the fact that plaintiff, who was sixty-one years old at the time of his hiring, was "well within the protected class when first hired."[8] *O'Connor v. Viacom Inc.*, No. 93 Civ. 2399 (LMM), 1996 WL 194299, at *7 (S.D.N.Y. Apr. 23, 1996); *see James v. N.Y. Racing Ass'n*, 76 F. Supp. 2d 250, 255 (E.D.N.Y. 1999); *Melnyk*, 799 F. Supp. at 319 ("[I]t is difficult to justify a conclusion of age discrimination when [the defendant] hired [the plaintiff] just one year prior to her entry into the protected class.").

In sum, while the Court recognizes that an "extra measure of caution is merited in affirming summary judgment in a discrimination action," *Schiano*, 445 F.3d at

---

[8] Plaintiff argues that the fact that his immediate replacement, Joseph White, "was substantially younger than plaintiff," and that Dragotta was aware of that age discrepancy, supports an inference of discriminatory intent so as to defeat defendants' motion. (Pl.'s Mem. at 6.) However, while an employer's knowledge of a "significant" age discrepancy between the discharged employee and his replacement "is necessary to support an inference of discriminatory intent at the *prima facie* stage," *Woodman*, 411 F.3d at 78 & n.6, it does not, by itself, create an issue of fact as to defendants' alleged discriminatory intent. Thus, even assuming *arguendo* that the twenty-three year age difference between White and plaintiff was "significant," and that Dragotta knew of the age difference, no reasonable jury could find, under the circumstances of this case, that such evidence, by itself, establishes that plaintiff was fired because of his age. *See Fagan v. N.Y. State Electric & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999) ("[T]he replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination."); *Waldorf v. Liberty Maint., Inc.*, No. 05 Civ. 2557 (RJH), 2007 WL 942103, at *8 (S.D.N.Y. March 29, 2007); *McFadden v. Memorial Sloan-Kettering Cancer Ctr.*, No. 04 Civ. 9629 (SAS), 2006 WL 2930200, at *6 (S.D.N.Y. Oct. 11, 2006) (granting summary judgment where, although plaintiff established *prima facie* case by, in part, demonstrating that she was replaced by a significantly younger employee, plaintiff had "failed to show either that [defendant's proffered] reasons are illegitimate or that they were pretexts"); *O'Sullivan v. N.Y. Times*, 37 F. Supp. 2d 307, 319 (S.D.N.Y. 1999) ("[A]llegations of replacement by younger workers do not, without more, prove discrimination."); *see also Futrell v. J.I. Case*, 38 F.3d 342, 348 (7th Cir. 1994) ("Typically, younger workers will replace older ones; this is an unremarkable phenomenon that does not, in and of itself, prove discrimination."). Moreover, any inference plaintiff would seek to draw from this age discrepancy is further diminished by the fact, noted *supra*, that White's successor, LaBarbera, was fifty-two years old at the time she obtained the position of food service director. Thus, defendants' hiring of a fifty-two year old employee – that is, an individual twelve years younger than plaintiff – soon after firing plaintiff, weighs against the inference that plaintiff seeks to have drawn from defendants' post-termination conduct.

603, plaintiff has put forth no evidence, other than his age, from which discrimination could be inferred. That single fact is countered by the undisputed evidence weighing against plaintiff's allegations – namely, that plaintiff was hired when he was sixty-one years old, the individuals that decided to fire plaintiff were both over forty-years old, resident survey results regarding plaintiff's department were sometimes unfavorable, plaintiff used a "strong[]" and "intense" tone during an encounter with a co-worker, the facts of that encounter were relayed to plaintiff's supervisors, and such facts were cited by Stehly at the time of plaintiff's dismissal. Thus, in light of the single fact offered in support of plaintiff's claims – that is, plaintiff's age – and the overwhelming evidence weighing against an inference of discriminatory intent, no reasonable jury could find that plaintiff was fired because of his age. Indeed, the only reasonable conclusion is that plaintiff was fired based on his job performance. Accordingly, summary judgment dismissing plaintiff's wholly implausible and unsupported age discrimination claims under the ADEA and NYHRL is granted.

IV. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted. Plaintiff's claims are dismissed in their entirety. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 29, 2007
Central Islip, NY

\* \* \*

Plaintiff is represented by Scott M. Mishkin, Esq., Scott Michael Mishkin, P.C., One Suffolk Square, Suite 520, Islandia, New York 11749. Defendants are represented by Scott Browning Gilly, Esq., Thompson, Wigdor & Gilly LLP, 350 Fifth Avenue, Suite 5720, New York, New York 10118, and Thomas J. Birchfield, Esq., and Jay W. Warren, Esq., Greenebaum Doll & McDonald, 3500 National City Tower, 101 South Fifth Street, Louisville, Kentucky 40202.